NOT FOR PUBLICATION                    (Document Nos. 21, 26, & 27)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                              :
ROBERT O'BRIEN,                               :
                                              :
              Plaintiff,                      :        Civil No. 09-2289 (RBK/KMW)
                                              :
          v.                                  :        **OPINION**
                                              :
BIOBANCUSA, ABC CORPORATIONS                  :
1-5, DEF PARTNERSHIPS 1-5, and                :
GHI LIMITED LIABILITY COMPANIES               :
1-5,                                          :
                                              :
              Defendants.                     :
_____          :

**KUGLER**, United States District Judge:

This matter arises out of a contract dispute over a warrant to purchase common stock.

Presently before the Court are three motions: 1) the Motion for Summary Judgment by Defendant

BioBanc USA (Doc. No. 21), 2) the Motion to Seal by Plaintiff Robert O'Brien (Doc. No. 26),

and 3) the Cross Motion for Summary Judgment by Plaintiff (Doc. No. 27).  For the reasons

discussed below, the Court denies all three Motions.

## I.      BACKGROUND

Thomas O'Brien, Plaintiff Robert O'Brien's brother, was one of the initial investors in

BioBank of America and Immune Systems, USA (d/b/a BioBanc USA), a group of privately held

bio-technology companies specializing in white blood cell collection, processing, cryo

preservation and storage services.  BioBanc is a California corporation with its principal place of business in California.  Plaintiff rendered services for BioBanc and was a paid consultant, whereas  Thomas O'Brien served as a senior officer and member of the board.  Around May 2006, Thomas O'Brien elected to terminate his interest with BioBanc.  Thus on May 17, 2006, he entered into a contract with BioBanc ("the 2006 Agreement") that terminated his interest.

One of the provisions of the 2006 Agreement, and the heart of the present dispute, is a stock warrant for Plaintiff, a non-party to the contract.  That provision states as follows: "Rob O'Brien has a 3 year warrant to purchase 2% of the common stock of [BioBanc] at a 12.5 million valuation for $10."  Stolbach certif., Ex. A (2006 Agreement).  By check dated February 19, 2009, Plaintiff tendered payment of $10 to BioBanc to acquire the warrant.  Defendant cashed the check but did not issue stock or a warrant to Plaintiff.  On March 27, 2009, BioBanc confirmed that pursuant to the warrant it would sell 2000 shares of its common stock to Plaintiff at a price of $125 per share, which would require $250,000 to purchase all 2000 shares.  Also in March 2009, Plaintiff filed a complaint with the California Department of Corporations complaining that Defendant had "defrauded him from exercising his securities position," and requesting that the complaint be resolved by a cashless exercise of the warrant.

The parties all agree that Plaintiff has never paid $250,000 for the shares, nor have the shares ever issued in a cashless exercise.  Plaintiff maintains that he has made numerous attempts to obtain his warrant, and that his requests have been refused.

 As a result, on May 13, 2009, Plaintiff filed the Complaint in the present suit, which he amended on May 26, 2009, alleging three counts: 1) breach of contract, 2) breach of covenant of good faith and fair dealing, and 3) promissory estoppel.  Thereafter, by letter dated December 17,

2009, BioBanc confirmed that it would allow Plaintiff to make a cashless exercise of the warrant and would issue 2000 shares.  Plaintiff did not accept the offer.  Thus, on December 21, 2009, Defendant filed its Motion for Summary Judgment.  Plaintiff responded with his Cross Motion for Summary Judgment and the Motion to Seal on January 18, 2010.

## II.    STANDARD

Summary judgment is appropriate where the court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"  Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"[T]he party moving for summary judgment under Fed.R.Civ.P. 56(c) bears the burden of demonstrating the absence of any genuine issues of material fact."  Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996).  The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  If the moving party satisfies its burden, the nonmoving party must respond by "set[ting] out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).  "If the opposing party does not

so respond, summary judgment should, if appropriate, be entered against that party." <u>Id.</u>

## III.   DISCUSSION

The present summary judgment motions speak louder with what they do not say than with what they do.  For example, Defendant moves for summary judgment arguing that because it has agreed to do everything that Plaintiff alleges it failed to do, namely offering 2000 shares through a cashless exercise, Plaintiff has not been damaged and is thus not entitled to relief.  <u>See</u> Def. br. at 1.  But remarkably Defendant completes an eight page brief without any citation to law justifying its position.[1]  Defendant's brief does not even include (nor does Plaintiff's for that matter) any discussion about which state's laws governs this contract dispute between citizens of California and New Jersey.[2]  For his part, Plaintiff likewise failed to adequately justify his position.  Plaintiff argues that Defendant has conceded liability and then proceeds to assert that he is therefore entitled to money damages.  <u>See</u> Pl. br. at 4.  But Plaintiff's Motion assumes too much and fails altogether to present any argument as to what should have been a central issue: contract interpretation.  Thus the Court is compelled to deny both summary judgment motions.

### A.   Defendant's Motion

Defendant's Motion is inescapably premised on the notion that a plaintiff cannot recover money damages in a breach of contract claim for failure to deliver stock.  <u>See</u> Def. reply at 9-12. This is simply not the state of the law, at least not in California, <u>see</u> <u>Spangenberg v. W. Heavy Hardware & Iron Co.</u>, 166 Cal. 284, 285-86 (Cal. 1913); <u>Robinson v. Raquet</u>, 36 P.2d 821, 825-

---

[1] Defendant does have a lone citation to Fed. R. Civ. P. 56(c), but it is merely boilerplate. <u>See</u> Def. br. at 6.

[2] Because the Court has received no briefing on which state's laws should govern, the Court applies both the laws of California and New Jersey without holding which governs.

4

26 (Cal. Ct. App. 1934); <u>see also</u> Cal. Civ. Code §§ 3281, 3300 (statutory provisions on

damages), or in New Jersey.  <u>Cf.</u> <u>Siegel v. Riverside Box & Lumber Co.</u>, 99 A. 407, 408 (N.J.

1916) (holding in action regarding wrongful refusal to transfer stock, plaintiff can sue for

conversion and recover value of the stock); <u>Bayer v. Airlift Int'l, Inc.</u>, 268 A.2d 548, 551 (N.J.

Super. Ct. Ch. Div. 1970) (holding same);[3] <u>see also</u> <u>Giumarra v. Harrington Heights</u>, 109 A.2d

695, 704 (N.J. Super. Ct. App. Div. 1955) (holding contract damages should put plaintiff in as

good a position as he would have been absent a breach), <u>aff'd</u>, 114 A.2d 720 (N.J. 1955); <u>Scully</u>

<u>v. US WATS, Inc.</u>, 238 F.3d 497, 510 (3d Cir. 2001) (discussing money damages for breach of

contract to deliver stock under New York and Pennsylvania law); 18 C.J.S. Corporations § 317

("[O]n breach of a contract to sell corporate stock, the buyer is entitled to recover the actual

damages suffered by reason of the breach[.]"); 12A Fletcher Cyc. Corp. § 5631 ("If the seller of

stock refuses or fails to perform in accordance with the contract, the purchaser may maintain an

action for damages against that person with whom the contract was made.").  What Defendant

basically seeks is to choose Plaintiff's remedy (specific performance), which it simply cannot do.

<u>Cf.</u> <u>Hogan v. Long</u>, 922 S.W.2d 368, 371 (Ky. 1995) (holding plaintiff in breach of contract

claim alleging failure to deliver 50% interest in corporations could elect damages in lieu of

specific performance of delivery of stock).  In sum, Defendant's alleged tender of the stock

during this suit does not moot the breach claim arising from the original failure to tender.

Therefore, the Court denies Defendant's Motion.

---

[3]  While <u>Siegel</u> and <u>Bayer</u> speak in terms of a cause of action for conversion, the Court is
not convinced that a plaintiff's sole remedy in New Jersey lies in tort for a failure to deliver
stock.  <u>See generally</u> <u>DeVito v. Sheeran</u>, 755 A.2d 1147 (N.J. 2000) (affirming jury verdict for
money damages on breach of contract claim regarding failure to transfer shares in corporation).

**B.      Plaintiff's Cross Motion**

The Court must likewise reach the same result on Plaintiff's Cross Motion.  Plaintiff's

Motion is founded on the belief that Defendant has somehow conceded liability.  See Pl. br. at 3.

This belief is based upon a letter from counsel for BioBanc sent during the pendency of this

litigation, which reads in relevant part:

> We do not have a record of a formal written request being made by Robert O'Brien
> to exercise the warrant and purchase the stock.  However, the Complaint in the above
> matter alleges that defendant refused to allow plaintiff to exercise his rights to
> purchase 2% of the stock.  Therefore, we will deem the Complaint to be a formal
> request to exercise the warrant to purchase 2% of the stock of BioBanc USA.
>
> In response to Plaintiff's demand, Defendant BioBanc USA shall issue 2000 shares
> of the stock of Biobanc [sic] USA which represents 2% of its issued and outstanding
> shares.  This shall be a cashless exercise with the only cash consideration being paid
> by Robert O'Brien is the $10.00 paid by his February 19 2009 check.

Stolbach certif., Ex. E at 1-2.  However, as noted above, Plaintiff reads too much into the letter.

The letter is considerably less than unequivocal evidence of liability.  At best it seems to be an

offer of settlement, rather than any admission of breach.  Cf. Def. reply at 1.  Outside of the

letter, Plaintiff has done nothing to demonstrate that he is entitled to a cashless exercise under the

2006 Agreement under basic principles of contract interpretation.  See Roden v. Bergen

Brunswig Corp., 132 Cal. Rptr. 2d 549, 552 (Cal. Ct. App. 2003); Great Atlantic & Pacific Tea

Co. v. Checchio, 762 A.2d 1057, 1060-61 (N.J. Super. Ct. App. Div. 2000).  In other words,

Plaintiff has not shown the absence of a genuine issue.  Therefore, Plaintiff's Motion is denied.

**C.      Motion to Seal**

Finally, in connection with his Cross Motion, Plaintiff also filed a Motion to Seal Exhibit

E to the Cross Motion for Summary Judgment.  The Exhibit contains a private placement

memorandum describing internal projections of the value of BioBanc USA.  The Court finds that the Motion to Seal fails to adequately describe the clearly defined and serious injury that would result if the document were unsealed.

A motion to seal is governed by Local Civil Rule 5.3, which provides in pertinent part that a request to seal must be presented by motion.  The motion papers must describe "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available."  L. Civ. R. 5.3(c)(2).  Local Rule 5.3 also provides that any order or opinion on any motion to seal "shall include findings on the factors set forth in (c)(2) . . . as well as other findings required by law . . . ."  L. Civ. R. 5.3(c)(5).

It is well-established that there is a "common law public right of access to judicial proceedings and records."  In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001).  This is consistent with well-established precedent, based on First Amendment considerations and the common law right of access to judicial records, that documents filed with the court and judicial proceedings are open to the public.  See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978).  In order to overcome this presumption of a public right of access, the movant must demonstrate that "good cause" exists for the protection of the material at issue.  Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994).  Good cause exists when a party makes a particularized showing that disclosure will cause a "'clearly defined and serious injury to the party seeking closure.'"  Pansy, 23 F.3d at 786 (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)).  The claimed injury must be specifically stated because

"'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." Id. at 786 (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir.1986)).

With the present Motion, Plaintiff's request fails as to factor c under Local Rule 5.3(c)(2). Plaintiff spends much of the moving papers discussing how the document was disclosed to him pursuant to a confidentiality agreement with Defendant, but he provides little by way of what particular harm will result if the document is disclosed. At most, Plaintiff generally alleges that the document contains "sensitive business information," and that, as a private corporation, Defendant's interests will "be seriously harmed" by disclosure. See Pl. seal br. at 2-3. But while perhaps this harm is apparent to the parties, it is not to the Court. Plaintiff has a duty to particularly explain his statement, and he has not done sone. The general, cursory summary of the harms he supplied fails to satisfy the burden under Local Rule 5.3(c) and controlling precedent. See Pansy, 23 F.3d at 786; Securimetrics, Inc. v. Iridian Techs., Inc., No. 03-4394, 2006 WL 827889, at *7 (D.N.J. Mar. 30, 2006). Therefore, the Court denies the Motion to Seal.

IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **DENIED**, Plaintiff's Motion to Seal is **DENIED**, and Plaintiff's Cross Motion for Summary Judgment is **DENIED**. An appropriate Order shall follow.


Date:   7-19-10                             /s/ Robert B. Kugler
                                           ROBERT B. KUGLER
                                           United States District Judge