Colin G. Bell, Esquire (CB 2864)
John F. Palladino, Esquire (JP 8794)
HANKIN SANDMAN & PALLADINO
Counsellors-at-Law
A Professional Corporation
30 South New York Avenue
Atlantic City, NJ  08401
(609) 344-5161
*Attorneys for Plaintiff Robert O'Brien*

IN THE UNITED STATES DISTRICT COURT OF THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT O'BRIEN<br><br>            Plaintiff<br><br>       v.<br><br>BIOBANCUSA, BIOBANK OF AMERICA, INC., IMMUNE SYSTEMS USA, ABC CORPORATIONS 1-5, DEF PARTNERSHIPS 1-5, and GHI LIMITED LIABILITY COMPANIES 1-5<br><br>            Defendants | Hon. Robert B. Kugler<br><br>CIVIL NO.: 1:09-cv-02289-RBK-KMW<br><br><br>CIVIL ACTION |

**PLAINTIFF ROBERT O'BRIEN'S PRE-HEARING BRIEF IN SUPPORT OF ENTRY OF FINAL DEFAULT JUDGMENT**

                                      Colin G. Bell, Esq.
                                      coling@hankinsandman.com

                                      Hankin Sandman & Palladino
                                      30 S. New York Avenue
                                      Atlantic City, NJ 08401

                                      (609) 344-5161

                                      ATTORNEY(S) FOR Plaintiff,
                                      Robert O'Brien

TABLE OF CONTENTS

Table of Authorities..........................................ii

Preliminary Statement..........................................1

Procedural History and Facts...................................1

Argument.......................................................2
    California's Substantive Law Applies to This Case..........2
    Plaintiff is Entitled to an Award of $400,000.00 in
    Compensatory Damages.......................................3

Conclusion.....................................................7

## TABLE OF AUTHORITIES

### Cases

Friedman v. Renz,
31 Cal. App. 2d 71 , 87 P.2d 386 (Cal. Ct. App. 1939) . . . . 6

Fromm v. Sierra Nevada Silver Min. Co.,
61 Cal. 629 (1882) . . . . . . . . . . . . . . . . . . . . . 6

Fu v. Fu,
160 N.J. 108 , 733 A.2d 1133 (1999) . . . . . . . . . . . . 5

Gantes v. Kason Corp.,
145 N.J. 478 , 679 A.2d 106 (1996) . . . . . . . . . . . . . 5

Hritz v. Woma Corp.,
732 F.2d 1178 (3d Cir. 1984) . . . . . . . . . . . . . . . . 9

Klaxon Co. V. Stentor Elec. Mfg. Co.,
313 U.S. 487 , 61 S. Ct. 1020, 85 L. Ed. 1477 (1941) . . . . . 5

Seaboard Music Co. V. Germano,
24 Cal. App. 3d 618 , 101 Cal. Rptr. 255 (Cal. Ct. App. 1972)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Valle de Oro Bank v. Gamboa,
26 Cal. App. 4th 1686, 32 Cal. Rptr. 2d 329 (Cal. Ct. App. 1994)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Warriner v. Stanton,
475 F.3d 497 (3d Cir. 2007) . . . . . . . . . . . . . . . . 5

Woltz v. E.F. Hutton & Co.,
55 Cal. App. 741 , 204 P. 248 (Cal. Ct. App. 1921) . . . . . . 6

### Statutes

Cal. Civ. Code § 3336 (West) . . . . . . . . . . . . . . . . . 6

### Rules

Fed. R. Evid. 408 . . . . . . . . . . . . . . . . . . . . . . 9

Fed R. Evid. 801 . . . . . . . . . . . . . . . . . . . . . . 4

**PRELIMINARY STATEMENT**

Plaintiff Robert O'Brien ("O'Brien") submits this pre-hearing brief outlining his position on the legal issues to be addressed at the proof hearing scheduled for Thursday, July 28, 2011.

It is O'Brien's position that under the law of the State of California he is entitled to default judgment against Defendant BioBanc USA ("BioBanc") for compensatory damages in the amount of $400,000.00 together with associated costs.  Moreover, O'Brien did not fail to mitigate his damages, and thus the quantum thereof should not be reduced.

**PROCEDURAL HISTORY AND FACTS**

At this procedural posture, the facts alleged in O'Brien's First Amended Complaint are undisputed and incorporated herein. See Doc. No. 3.  Moreover, the Court has addressed the procedrual history and factual background of this matter in opinions resolving cross-motions for summary judgment (Doc. No. 47) and O'Brien's motion for entry of default judgment (Doc. No. 52) which further establish the context supporting the entry of default judgment against BioBanc.

and citizen of New Jersey, California has a greater governmental interest in regulating its domestic business entities and the transfer of securities in those entities which fall under its regulatory jurisdiction. As such, under a New Jersey choice of law analysis, this Court should apply California substantive law in resolving this matter.

## II. Plaintiff is Entitled to an Award of $400,000.00 in Compensatory Damages

### A. O'Brien has Proffered Sufficient Evidence of the Value of BioBanc's Stock to Allow for Entry of Judgment

As this Court noted in its opinion resolving the parties' cross-motions for summary judgment, O'Brien is entitled to maintain an action for, and obtain, money damages for BioBanc's breach of contract, rather than simple conveyance of the stock at issue. See Doc. 47, p. 4-5. In fact, under California law a plaintiff may recover the greatest value of the stock between the time of the transfer should have occurred and the time of trial. *Woltz v. E.F. Hutton & Co.*, 55 Cal. App. 741, 743, 204 P. 248 (Cal. Ct. App. 1921) (relying upon Cal. Civ. Code § 3336 (West) to award plaintiff highest value between time transfer should have occurred and trial); citing *A. Fromm v. Sierra Nevada Silver Min. Co.*, 61 Cal. 629 (1882). See also *Friedman v. Renz*, 31 Cal. App. 2d 71, 73, 87 P.2d 386 (Cal. Ct. App. 1939) ("the recovery of the highest market value therefor between the date of the

3

**ARGUMENT**

**I. California's Substantive Law Applies to This Case.**

In a diversity action, a federal court "must apply the choice of law rules of the forum state to determine what law will govern the substantive issues of a case." *Warriner v. Stanton*, 475 F.3d 497, 499-500 (3d Cir. 2007), citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941). Accordingly, New Jersey's choice of law rules provide the paradigm for this analysis. New Jersey uses the flexible "governmental interests" analysis "which requires application of the law of the state with the greatest interest in resolving the particular issue...." *Gantes v. Kason Corp.*, 145 N.J. 478, 484, 679 A.2d 106 (1996).

Where there is an actual conflict between the laws of the states involved, New Jersey courts will "determine which state has the most significant relationship to the occurrence and the parties with respect to" the legal dispute in the litigation. *Fu v. Fu*, 160 N.J. 108, 119, 733 A.2d 1133 (1999).

This case deals with a contract made in California, for the transfer of stock in a California corporation, with a principal place of business in California, regulated by the California Department of Corporations. O'Brien also traveled to California to provides services to BioBanc. While O'Brien is a domiciliary

2

relevant time period (date of breach to date of trial) needed to justify the entry of final default judgment in that amount. Accordingly, as BioBanc valued 1% of its stock at $200,000.00, and O'Brien's warrant entitled him to 2% of BioBanc's stock, O'Brien is entitled to compensatory damages of $400,000.00 together with associated costs of $998.35.

**B.   O'Brien did Not Fail to Mitigate Damages**

O'Brien's recovery should not be reduced for failure to mitigate his damages. The Court raised concern that O'Brien failed to mitigate his damages by not accepting BioBanc's offer of 2,000 shares of stock. See Doc. 52, at p13. However, that offer was made during the pendency of the litigation, and properly characterized by this Court as a "an offer of settlement" which "does not moot the breach claim arising from the original failure to tender." See Doc. No. 47, p.5-6. An examination of the "offer," a December 17, 2009, letter from BioBanc's attorney to O'Brien's attorney, confirms that it conveyed an offer to resolve the instant litigation, which had been pending for approximately six (6) months at the time. See Doc. 21-2, p. 19-20.

The failure to mitigate damages is an affirmative defense under California law. See e.g. *Valle de Oro Bank v. Gamboa*, 26 Cal. App. 4th 1686, 32 Cal. Rptr. 2d 329 (Cal. Ct. App. 1994). Morever, "the rule of mitigation of damages has no application

conversion and the trial of the action will doubtless be the measure of damages" in suit for breach of contract to transfer stock).

In its opinion entering default judgment on liability in this matter, the Court noted that BioBanc breached the contract with O'Brien sometime between February 19, 2009 (when O'Brien tendered a check to exercise the warrant) and March 27, 2009 (when BioBanc informed O'Brien it would not allow a cashless exercise). See Doc. No. 52, p.11-12. However, as discussed above, O'Brien is not limited to recovering the value of the stock during that time period. Instead, he can recover the greatest value between the time of breach and the date of trial (or, in this case, the entry of judgment).

In establishing the value of the stock in question, O'Brien relies on BioBanc's own assessment of the stock's value in a Private Placement Memorandum ("PPM") issued on July 23, 2009, shortly after the breach. In that document, BioBanc asserts that a 1% interest in BioBanc is valued at $200,000.00. See Doc. No. 52, at p11; citing O'Brien Declaration Exhibit C., at 27.

The statement made in the PPM is not hearsay, and is admissible against BioBanc. See Fed. R. Evid. 801d2. At this procedural posture, BioBanc's own statement as to the value of its stock on July 23, 2009, is undisputed, and constitutes sufficient evidence of the highest value thereof during the

where its effect would be to require the innocent party to sacrifice and surrender important and valuable rights." *Seaboard Music Co. v. Germano*, 24 Cal. App. 3d 618, 623, 101 Cal. Rptr. 255 (Cal. Ct. App. 1972).

An offer to compromise is not admissible to prove the validity or amount of a claim in dispute. See Fed. R. Evid. 408. As such, the December 17, 2009, letter offering to transfer 2,000 shares to O'Brien is not admissible to prove that the amount of O'Brien's claim should be reduced because he failed to mitigate his damages. In fact, O'Brien is aware of no authority that treats the rejection of a settlement offer made during the course of litigation as a failure to mitigate damages.[1]

More fundamentally, in denying BioBanc's earlier motion for summary judgment, this Court noted that BioBanc could not require O'Brien to accept a tender of the stock in lieu of monetary damages. See Doc. No. 47, p.4. Treating O'Brien's rejection of that offer during the pendency of this suit as a failure to mitigate damages would force him to "sacrifice and surrender" his right to pursue this lawsuit for money damages and essentially

---

[1] Moreover, assuming *arguendo* that O'Brien did fail to mitigate his damages, it does not prevent entry of default judgment because it is not a "meritorious defense." A meritorious defense "if established on trial would constitute a complete defense to the action." See . *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) The failure to mitigate damages, if proven by defendant at trial, serves to reduce the plaintiff's recovery, not avoid liability, and thus is not a "complete defense."

allow BioBanc to achieve through the backdoor that which it could obtain through the front door.

### CONCLUSION

For all of the foregoing reasons, the Court should enter default judgment in favor of O'Brien and against BioBanc in the amount of $400,998.35.

                                      HANKIN SANDMAN & PALLADINO
                                      Counsellors at Law
                                      A Professional Corporation

Dated: July 19, 2011        /s/ Colin G. Bell, Esquire (CB2864)